**LaMONICA HERBST & MANISCALCO, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, NY 11793
Telephone: (516) 826-6500
Salvatore LaMonica, Esq.
Holly Rai, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                    Chapter 7
                                          Case No.: 11-23195 (RDD)
KUCZINSKI VILA LLP a/k/a
KUCZNSKI VILA & ASSOCIATES, LLP,

                Debtor.
-----------------------------------------------------------------x

**APPLICATION IN SUPPORT OF AN ORDER DIRECTING
THE EXAMINATION OF, AND PRODUCTION OF DOCUMENTS BY,
GREGORY KUCZINSKI PURSUANT TO RULE 2004 OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE**

**TO:   THE HONORABLE ROBERT D. DRAIN
       UNITED STATES BANKRUPTCY JUDGE**

The application (the "Application") of Marianne T. O'Toole, the interim Chapter 7 Trustee (the "Trustee") of the estate of Kuczinski Vila LLP a/k/a Kuczinski Vila & Associates, LLP (the "Debtor"), through her proposed counsel, LaMonica Herbst & Maniscalco, LLP, seeking entry of an Order, pursuant to Section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), directing the examination of Gregory Kuczinski ("Kuczinski"), under oath, and the production of records, documents and electronic files that are in possession, custody or control of Kuczinski, respectfully sets forth and represents as follows:

**JURISDICTION AND STATUTORY PREDICATES**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

3. The statutory predicates for the relief requested herein are section 105(a) of the

Bankruptcy Code and Bankruptcy Rule 2004.

**BACKGROUND**

4. The Debtor was a limited liability partnership with offices located at 220 White Plains Road, Suite 220, Tarrytown, New York 10591. Upon information and belief, Kuczinski and Gustavo Vila ("Vila") were partners in the Debtor, which was engaged in the practice of law.

5. On or about June 6, 2008, Bonnie Ames executed a retainer agreement with the Debtor whereby Ms. Ames retained the Debtor to represent her in a personal injury lawsuit in the Supreme Court of the State of New York, King County, captioned *Ames v. Kamco Supply Corp., et al.*, under index number 27010/2008 (the "Personal Injury Litigation").

6. Upon information and belief, on or about April 12, 2009, a consent to change attorney dated as of April 3, 2009 was filed in the Personal Injury Litigation, which consent purports to substitute Kuczinski's law firm, the Law Office of Gregory Kuczinski, P.C., in place of the Debtor.

7. Just eight months later, on or about December 15, 2009, Kuczinski filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Kuczinski's Chapter 7 case is pending before this Court [*In re Kuczinski*, Case No. 09-23451 (RDD)], and Mark S. Tulis is the Chapter 7 Trustee of Mr. Kuczinski's estate (the "Kuczinski Trustee").

8. On or about November 15, 2010, upon information and belief a settlement agreement resolving the Personal Injury Litigation was reached and a settlement of $10,000,000.00 was memorialized. Pursuant to the retainer agreement between the Debtor and Ms. Ames, the attorneys' fee for the settlement would be one third of the gross recovery, or approximately $3,333,333.33 (the "Legal Fees"). Pursuant to an Order of the Hon. Margaret

Garvey, J.S.C. dated April 12, 2011, the Legal Fees were turned over to, and are being held by, the Kuczinski Trustee.

9. On or about March 22, 2011, the Kuczinski Trustee commenced an adversary proceeding against, among others, the Debtor and Vila seeking a declaratory judgment with respect to the allocation of the Legal Fees [*Tulis v. Kuczinski, et al.*, Adv. Pro. No.: 11-8250 (RDD)].

10. On or about April 26, 2011, the Kuczinski Trustee filed a motion in the adversary proceeding seeking authority to release to Kuczinski a portion of the Legal Fees. At a hearing held on June 7, 2011, the Bankruptcy Court authorized the Kuczinski Trustee to pay to Kuczinski the sum of $873,120.00 (the "Released Funds") within ten days of entry of an order approving the motion.

11. At the June 7, 2011 hearing, the Bankruptcy Court specifically acknowledged that the Released Funds being paid to Kuczinski were "subject to whatever rights Mr. Vila has and the partnership has." See Exhibit "A", Transcript at 14, line 25. The Bankruptcy Court continued: "I'm not making a determination as to [Kuzcinski's] ultimate right to keep them. I'm making a determination as to [sic] between Kuczinski and the estate as to his right to keep it," id. at 16, lines 9:13, and "[the Released Funds] will be paid to him subject to [Kuczinski's] and the partnership's rights to the extent they exist.," id. at 21:24. The Bankruptcy Court further noted that "I'm not making a determination as to whether [Kuczinski] could ultimately keep this $845,000," id. at 17, lines 4:6, and "[y]our partnership may have an interest [sic] it, the defunct partnership," id. at lines 13:14. Finally, in the context of the proposed order granting the requested relief, the Bankruptcy Court noted that it would be "[w]ithout a determination as to the partnership's rights." Id. at 21, lines 13:14.

3

12. On June 16, 2011, Vila filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on behalf of the Debtor. By Notice of Appointment, Marianne T. O'Toole was appointed as, and is, the interim Chapter 7 Trustee of the Debtor's estate.

13. By order dated June 17, 2011, the Kuczinski Trustee was authorized to pay the Released Funds to Kuczinski [*Tulis v. Kuczinski, et al.*, Adv. Pro. No.: 11-8250 (RDD), Doc. No. 38].

14. By motion dated June 22, 2011, the Debtor sought to enforce the automatic stay and to prevent the dissipation of the Released Funds by Kuczinski. A hearing on the Debtor's motion was held on June 29, 2011. At the June 29, 2011 hearing, this Court granted the Debtor's motion and indicated that the automatic stay was, in fact, "automatic", *i.e.*, it took effect on June 16, 2011 when this case was commenced.

15. Pursuant to the Order dated July 5, 2011 approving the motion (the "Order"), Kuczinski was directed to provide the Trustee with a written statement with respect to the status of the Released Funds. In accordance with the Order, Kuczinski provided the Trustee with a Declaration executed on July 6, 2011 indicating that he paid out "various sums" from the Released Funds and that he is holding a balance of $558,598.90. A copy of Kuczinski's Declaration is annexed as Exhibit "B". Kuczinski also provided the Trustee with a document titled "Expenditures", a copy of which is annexed as Exhibit "C". Kuczinski, in addition to disbursing $130,139.12 of the Released Funds for various personal expenses, including a "business investment" of $30,000.00 and $49,918.93 for expenses related to his law firm, disbursed $108,390.00 relating to the "Ames litigation", *i.e.*, the Personal Injury Litigation, and $26,073.05 for alleged credit card expenses relating to the Debtor. See Exhibit "C". Thus, notwithstanding the automatic stay and the filing of the motion to enforce the automatic stay

4

within 2 days of Kuczinski's receipt of the Released Funds, Kuczinski (by his own admission) spent $314,522.00 of the Released Funds purportedly paying $45,000.00 for a car loan, $30,000.00 for a "business investment," $20,000.00 for legal fees, $35,000.00 for undisclosed personal expenses and, curiously, $26,073.05 for alleged Debtor-related expenses.

16. In order to effectively administer this estate, the Trustee requires certain documents and information from Kuczinski. Pursuant to section 362 (a)(3) of the Bankruptcy Code, the automatic stay applies to any act to exercise control over the Debtor's claim in and to the Legal Fees, including the Released Funds. As evidenced by Kuczinski's Declaration, Kuczinski has acted to exercise control over the Debtor's claim in and to the Released Funds insofar as he has already spent $314,522.00 of the Released Funds.[1] As such, the Trustee requires documents and information relating to the disbursements made by Kuczinski.

**RELIEF REQUESTED AND BASIS THEREFORE**

17. This Application is made under Bankruptcy Rule 2004 for entry of an Order directing the examination, under oath, of Kuczinski and for the production of the records and documents by Kuczinski, as set forth in the proposed order (the "Proposed Order"), which is annexed as Exhibit "D".

18. Bankruptcy Rule 2004 provides that "[o]n motion of any party in interest, the court may order the examination of any entity . . . . [as to] the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . ." FED. R. BANKR. P. 2004(a), (b); see Martin v. Keybank of New York, 208 B.R. 807, 810 (N.D.N.Y. 1997) (observing "general rule [] that the scope of a Rule 2004 examination is very broad and great latitude of inquiry is ordinarily

---

[1] The Trustee expressly reserves any and all rights with respect to the violation of the automatic stay by Kuczinski.

5

permitted" (citation omitted)); In re CENA's Fine Furniture, Inc., 109 B.R. 575, 577 n.2 (E.D.N.Y. 1990) ("The scope of a Rule 2004 examination is unfettered and broad . . . . Examinations under Rule 2004 are allowed for the purpose of discovering assets and unearthing frauds." (citation omitted)); In re Parikh, 397 B.R. 518, 525–26 (Bankr. E.D.N.Y. 2008) ("A Rule 2004 examination has been likened to a 'fishing expedition,' the scope of which is broad. . . . The primary purpose of allowing broad discovery in Rule 2004 is to expedite the locating of assets of the estate." (citations omitted)).

19. To administer this estate and evaluate potential claims and causes of action that the estate may have, the Trustee requires the production of certain documents and information from Kuczinski. Thus, the Trustee respectfully request an order directing Kuczinski to produce records, documents and electronic files, which are more precisely set forth in the Proposed Order, that are in his possession, custody or control. The Trustee also submits that the examination of Kuczinski, under oath, is crucial to her investigation and administration of the Debtor's estate. Accordingly, the Trustee seeks entry of an order authorizing the examination of Kuczinski.

20. Under the Proposed Order, responsive documents are to be turned over to the Trustee's counsel by the date set forth in the subpoena issued in accordance with Federal Rule of Civil Procedure 45, made applicable by Bankruptcy Rules 9016 and 2004 (the "Subpoena"). The Subpoena will provide Kuczinski with not less than fourteen (14) days for the production of documents following receipt of the Subpoena.

21. Furthermore, the Trustee respectfully request that service of the annexed Proposed Order, in accordance with Federal Rule of Civil Procedure 45, by first class mail upon Kuczinski, care of his counsel, Nathan Horowitz, Esq., 1 Water Street, 4th Floor, White Plains,

New York 10601, be deemed good and proper service of such Order and Subpoena.

22. By virtue of the foregoing, the Trustee respectfully submits that she is entitled to the relief requested herein.

23. The Trustee has not previously filed an application for the relief sought herein to this or any other Court.

**WHEREFORE,** the Trustee respectfully request that the Court enter the Proposed Order and grant the Trustee such other and further relief as the Court deems just and proper.

Dated: July 11, 2011
      Wantagh, New York

                                        **LAMONICA HERBST & MANISCALCO, LLP**
                                        Proposed Counsel to Marianne T. O'Toole, as
                                        Interim Trustee

By: _s/ Salvatore LaMonica_
      Salvatore LaMonica, Esq.
      Holly Rai, Esq.
      3305 Jerusalem Avenue, Suite 201
      Wantagh, New York 11793
      Telephone: (516) 826-6500

*M:\Documents\Company\Cases\Kuczinski Vila\2004's\Kuczinski Application.doc*